An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance
with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-121
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

   v.

GUY AUSTIN ZINKAND

Macon County
No. 11 CRS 50083

Appeal by Defendant from judgment entered 24 July 2013 by
Judge Marvin P. Pope in Superior Court, Macon County.  Heard in
the Court of Appeals 3 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General
> Tamika L. Henderson, for the State.*

> *Jarvis John Edgerton, IV for Defendant-Appellant.*

McGEE, Judge.

Guy Austin Zinkand ("Defendant") previously appealed to
this Court, arguing that the trial court had erred in finding
two aggravating factors.  This Court remanded for resentencing
in *State v. Zinkand*, ___ N.C. App. ___, 739 S.E.2d 627, COA12-
756 (2013) (unpublished), slip op. at 5.  Defendant was
resentenced on 24 July 2013 for felony conspiracy to manufacture
methamphetamine.  At resentencing, Defendant stipulated to a

finding that Defendant was a prior record level IV. The trial court determined Defendant to be a prior record level IV and, after finding the aggravating factor that Defendant had committed the offense while on pretrial release on another charge, sentenced Defendant to 138 to 175 months' imprisonment. The trial court made no findings of any mitigating factors. Defendant appeals.

Defendant argues that the trial court erred in classifying his Florida convictions for burglary and general larceny as felonies for the purpose of determining Defendant's prior record level "when the rule of lenity mandated a conclusion [that] the convictions were misdemeanors[.]" We disagree.

"Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony[.]" N.C. Gen. Stat. § 15A-1340.14(e) (2013). Defendant correctly acknowledged in his brief that the State sought only a Class I classification and did not seek a more serious classification for the Florida convictions for burglary and larceny.

Defendant contends that the "record evidence only supported findings that the Florida burglary offense was misdemeanor breaking and entering in North Carolina, and the Florida larceny

offense was misdemeanor larceny in North Carolina." However, the trial court's task at that point in the sentencing process was not to determine whether Defendant's Florida convictions were substantially similar to North Carolina offenses. Rather, an out-of-state conviction "is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony[.]" N.C.G.S. § 15A-1340.14(e).

This statute provides that, should Defendant wish to seek a less serious classification than the "default" Class I classification, Defendant must show by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina. N.C.G.S. § 15A-1340.14(e). Defendant's argument that his Florida offenses were similar to North Carolina misdemeanors is an argument that Defendant had the opportunity to make to the trial court pursuant to N.C.G.S. § 15A-1340.14(e). If Defendant "proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points." N.C.G.S. § 15A-1340.14(e).

Defendant cites *State v. Hanton*, 175 N.C. App. 250, 623

S.E.2d 600 (2006), in support of his argument that the trial court erred by failing to apply the rule of lenity and find the Florida convictions substantially similar to North Carolina misdemeanors. However, the application of the rule of lenity in *Hanton* involved the ambiguity in N.C.G.S. § 15A-1340.14(e) as to how a trial court was to "determine which North Carolina offense is most substantially similar to the out-of-state offense when the out-of-state offense has elements that are similar to multiple North Carolina offenses." *Hanton*, 175 N.C. App. at 259, 623 S.E.2d at 606.

The rule of lenity "forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention." *Id.* By contrast, in the present case, the statute is clear that, if Florida classified Defendant's Florida convictions for burglary and larceny as felonies, the out-of-state convictions were to be classified as Class I felonies in this State, pursuant to N.C.G.S. § 15A-1340.14(e). Defendant has not shown that the trial court erred in re-sentencing Defendant.

No error.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).